Ex parte Julio García Oliver, Petitioner and Appellant.

No. 7666. Argued January 27, 1939.—Decided March 17, 1939.

H. Torres Solá for appellant. E. Ponsa Parés, District Attorney of Bayamón, for the People, did not appear.

Mr. Justice De Jesús delivered the opinion of the Court.

Julio García Oliver, being married to Aurora Rosado, filed a petition in the District Court of Bayamón praying that a dominion title be declared in his favor on a farm of 7½ cuerdas situated in the ward Camarones, of the municipality of Guaynabo, of which he alleged that he was the owner. In

said petition, after the necessary allegations, he alleged that he had inherited one-fourth of said property from his mother and that he had bought the other three-fourths from his brothers, José Alfonso, Josefina and Serafín García Oliver, by deed No. 61 on July 10, 1930, before notary José Soto Rivera. The proceedings were continued until May 12, 1937, on which date the court denied the petition. This denial was based on the fact that one-fourth of the farm belonged privately to the petitioner and the rest to the conjugal partnership as it had been acquired during his matrimony with Aurora Rodríguez. That therefore the dominion title could not be declared *"since it is a well-established rule that it is impossible to group private property of one of the spouses with property of the conjugal partnership."* The court cited section 61 of the Regulations for the execution of the Mortgage Law and the cases of *Muñoz* v. *Registrar,* 25 P.R.R. 786, and *Vilá* v. *Registrar,* 27 P.R.R. 848, and finally cited extensively from the case of *Vargas* v. *Registrar,* 38 P.R.R. 214, 216. After said decision was rendered attorney H. Torres Solá became petitioner's representative. He filed a motion which he entitled "Motion requesting permission to file a supplementary amended petition and that the case be reopened and continued." He attached to this motion a new petition entitled "Supplementary amended petition", in which the allegations of the original petition were copied and after referring to the previous proceedings, the petition ended with the following prayer:

"Wherefore, petitioner prays this Hon. Court that he be allowed to file a supplementary amended petition and in view of the evidence heard, the opposition of the Prosecuting Attorney and the present petition, the dominion title of the aforesaid farm be declared in favor of petitioner as his private property in regard to $1/4$ in common and in regard to the other $3/4$, in the name of the conjugal partnership which exists between petitioner and his wife Aurora Rodríguez. And that the court order said property to be recorded in the aforesaid proportion and in common in favor of the aforesaid parties in the

corresponding Registry of Property and that the clerk issue the necessary certificate to that effect.''

The court set a date to hear the parties and finally denied the prayers of the petitioner again basing its decision in the case of *Vargas* v. *Registrar,* supra. Against this decision the petitioner filed the present appeal. In his brief he assigns only one error:

''The error committed in denying the supplementary amended petition to reopen the case, and in view of said petition and of the evidence that the dominion title to the property be declared in regard to one-fourth in common in favor of petitioner and in regard to three-fourths in common in favor of the conjugal partnership.''

In the case of *Vargas* v. *Registrar,* supra, on which the decision appealed from is based, José Vargas filed a petition in the District Court of Mayagüez in dominion title proceedings in regard to a farm of thirty-two *cuerdas,* a half of which he had acquired by inheritance from his father and the other half by purchase from one Juan Gualberto Vargas. The purchaser at the time the second half of said property was acquired, was married to Eleuteria Peraza. The court rendered a decision accepting the dominion title, which was presented at the Registry of Property of San Germán. The Registrar refused to record and stated that two properties, one of which is the private property of the petitioner and the other belongs to the conjugal partnership, cannot be grouped. Against this decision Vargas filed an administrative appeal, and this Court, after copying section 61 of the Regulations for the execution of the Mortgage Law and in affirming the decision of the Registrar, said as follows:

''This court has upheld in its entirety the rule stated in the said Art. 61. In *Muñoz* v. *Registrar,* 25 P.R.R. 786, and *Vilá* v. *Registrar,* 27 P.R.R. 848, cited by the registrar in his decision and which are strictly applicable to the present case, the court maintained the doctrine of the legal impossibility of consolidating separate property with community property.

"It is alleged here by the appellant that there is no consolidation because the property of thirty-two acres was inherited from Eleuterio Vargas by his sons José and Juan Gualberto and that the inheritance was by undivided halves. This is of no importance. The undivision in that case affects the materiality of the positions of the property which have to be of one or the other of the sharing brothers; but the ownership is found before the law divided into two portions or moieties and with each one of them goes the corresponding title. The purchase made from Juan Gualberto Vargas by his brother José Vargas while the purchaser was married gives the character of presumptive community property to the part purchased and then the presumptive owner of that part is not appellant José Vargas, but the conjugal partnership composed by law of him and his wife Eleuteria Peraza. So that as regards half of the property, the title is by inheritance in favor of the appellant, and as regards the other half, the title is by purchase, with the presumption that it is community property of the conjugal partnership José Vargas and Eleuteria Peraza.''

Section 61 of the Regulations for the execution of the Mortgage Law, on which the opinion in the *Vargas case* is based, in its relevant part states as follows:

"Section 61.—The following shall be recorded under a single number if the persons interested should so request, being considered a single state, in accordance with article 8 of the law and for the purposes therein stated:

"*First.*—Rural property known as farms, coffee plantations, sugar plantations, pastures, stock farms, etc., which form dependent or joined property, with one or more buildings and one or more tracts of land, wooded or otherwise, even though they are not contiguous to each other or to the building, provided they belong to the same parcel and to one person only, or to a number of persons *pro indiviso*, even though it be subject to charges or property rights, held by one or a number of persons, and composed of different sections or parts given in emphyteusis. For the purposes of record, the dircet ownership shall be considered sole, even though there be a number of persons who collect rents or annuities from an estate in the capacity of direct owners, provided the estate is not divided among them for such purpose.

"    .        .        .        .        .        .        .        .''

The idea of "grouping" necessarily implies the existence of two or more farms which are dependent upon one another or connected, even though they do not bound upon each other. But they must be part of a group of properties and belong to a single person or to various persons in common. It is clear that this excludes the possibility of grouping different parts of one farm belonging to different people. There is no legal rule which impedes that a property belonging in part to one of these spouses and in part to the conjugal partnership be recorded in the Registry of Property, stating of course the proportional part corresponding to each of the different entities.

With the exception of the *Vargas case,* supra, the different cases of grouping decided by this Court in which the interests of the conjugal partnership have been involved with those of one of the spouses have been cases of real grouping in which farms of one of the spouses have been grouped with those of the conjugal partnership. See, for example, the cases of *Durán* v. *Registrar,* 20 P.R.R. 138; *Muñoz* v. *Registrar,* supra; *Berríos* v. *Registrar,* 27 P.R.R. 821, and *Vilá* v. *Registrar,* supra.

The present case, as well as that of *Vargas* v. *Registrar,* does not deal with the grouping of different farms but with the recording of a decision in which the dominion title of a property is declared in favor of two different entities, to wit, one of the spouses privately and the conjugal partnership. That they are two different entities has been stated by this Court in the cases of *Durán* v. *Registrar,* supra, and *Muñoz* v. *Registrar,* supra.

An example will make our position clear: Let us assume that *A,* married to *B,* inherits a half in common of a farm duly recorded in the Registry of Property, and that later, during his matrimony with *B,* he purchases the other half of the same farm. Is there any legal impediment whatsoever to recording the entire property in favor of *A,* stating in the recording that he acquired half in common of the same

by inheritance and the other half by purchase during his matrimony to *B?* Undoubtedly not. In the manner the tenancy in common acquired by inheritance would be his private property and the second would be presumed to belong to the conjugar partnership. In the same manner a decision declaring the title of a property acquired by one of the spouses partly by inheritance and partly by purchase during the matrimony, may be recorded stating of course in the decision as well as in the recording made in the Registry which part of the property was acquired by inheritance and which with the presumption of belonging to the conjugal partnership.

The rule set forth in the *Vargas case,* on which the decision appealed from was based, is erroneous and we are forced to reverse it. In that case, as well as in this one, different properties were not grouped by a decision declaring a dominion title in favor of the husband of a property acquired partly by inheritance and partly by purchase during the matrimony.

Section 61 of the Regulations for the execution of the Mortgage Law is not applicable to the present case, since as we have seen this case does not deal with the grouping of properties.

For the foregoing reasons the decision appealed from should be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.